**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

☑ Chapter 13

☐ Check if this an
amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

12/15

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

| | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| 1. | **Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | **David**<br>First name<br><br>**P.**<br>Middle name<br><br>**Sedlock**<br>Last name and Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name and Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years**<br><br>Include your married or maiden names. | **David Sedlock** | |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | **xxx-xx-6458** | |

Debtor 1   **David P. Sedlock**                                          Case number *(if known)*

| About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|

**4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

■ I have not used any business name or EINs.

Business name(s)

EINs

☐ I have not used any business name or EINs.

Business name(s)

EINs

**5. Where you live**

**15517 Nelson Road**
**Woodstock, IL 60098-9522**
Number, Street, City, State & ZIP Code

**McHenry**
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

**If Debtor 2 lives at a different address:**

Number, Street, City, State & ZIP Code

County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

Debtor 1  **David P. Sedlock**                                     Case number *(if known)*

---

| Part 2: | **Tell the Court About Your Bankruptcy Case** |

**7.** **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010))*. Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

---

**8.** **How you will pay the fee**

■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9.** **Have you filed for bankruptcy within the last 8 years?**

☐ No.
■ Yes.

| | District | Northern District of Illinois | When | 1/12/17 | Case number | 17-80072 |
| | District | Northern District of Illinois | When | 3/14/16 | Case number | 16-80607 |
| | District | Northern District of Illinois | When | 11/17/15 | Case number | 15-82889 |

---

**10.** **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☐ No
■ Yes.

| | | | | | | **Debtor Ch 7 discharged 11/1/16** |
| | Debtor | David P. Sedlock | | | Relationship to you | |
| | District | Northern District of Illinois | When | 3/14/16 | Case number, if known | 16-80607 |
| | Debtor | Janet Sedlock | | | Relationship to you | **Spouse** |
| | District | Northern District of Illinois | When | 5/19/17 | Case number, if known | 17-81196 |

---

**11.** **Do you rent your residence?**

■ No.  Go to line 12.

☐ Yes.  Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

   ☐ No. Go to line 12.

   ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

---

Debtor 1     **David P. Sedlock**                                                           Case number *(if known)*

---

| **Part 3:** | **Report About Any Businesses You Own as a Sole Proprietor** |

**12.** **Are you a sole proprietor of any full- or part-time business?**

☑ No.     Go to Part 4.

☐ Yes.    Name and location of business

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

_____
Name of business, if any

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐    Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐    Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐    Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐    Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐    None of the above

---

**13.** **Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).*

☑ No.     I am not filing under Chapter 11.

☐ No.     I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.    I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

| **Part 4:** | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |

**14.** **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No.
☐ Yes.

What is the hazard?          _____

If immediate attention is
needed, why is it needed?    _____

Where is the property?       _____

_____
Number, Street, City, State & Zip Code

---

Debtor 1    **David P. Sedlock**                                                    Case number *(if known)*

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |

**15.  Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

| Debtor 1 | **David P. Sedlock** | | Case number *(if known)* |
|---|---|---|---|

| **Part 6:** | Answer These Questions for Reporting Purposes |
|---|---|

**16. What kind of debts do you have?**

**16a.** **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☒ No. Go to line 16b.

☐ Yes. Go to line 17.

**16b.** **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☒ No. Go to line 16c.

☐ Yes. Go to line 17.

**16c.** State the type of debts you owe that are not consumer debts or business debts
**Non-Consumer Commercial/Business**

---

**17. Are you filing under Chapter 7?**

☒ No.  I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes.  I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

---

**18. How many Creditors do you estimate that you owe?**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

---

**19. How much do you estimate your assets to be worth?**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☒ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

**20. How much do you estimate your liabilities to be?**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☒ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

| **Part 7:** | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ David P. Sedlock**

| **David P. Sedlock** | Signature of Debtor 2 |
|---|---|
| Signature of Debtor 1 | |

| Executed on  **August  2, 2017** | Executed on |
|---|---|
| MM / DD / YYYY | MM / DD / YYYY |

Debtor 1   **David P. Sedlock**                                    Case number *(if known)* _____

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**/s/ J. Kevin Benjamin ARDC #:**                    Date    **August  2, 2017**

Signature of Attorney for Debtor                              MM / DD / YYYY

**J. Kevin Benjamin ARDC #:**

Printed name

**Benjamin Legal Services, PLC**

Firm name

**1016 W. Jackson Boulevard**
**Chicago, IL 60607-2914**

Number, Street, City, State & ZIP Code

Contact phone  **(312) 853-3100**                    Email address  **attorneys@benjaminlaw.com**

**6202321**

Bar number & State

---

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Northern District of Illinois

In re   **David P. Sedlock** _____   Case No. _____

_____ Debtor(s)   Chapter   **13** _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

☐  **FLAT FEE**

For legal services, I have agreed to accept ........................................   $ _____

Prior to the filing of this statement I have received ........................   $ _____

Balance Due ................................................................................   $ _____

☑  **RETAINER**

For legal services, I have agreed to accept and received a retainer of ....   $        **7,000.00**

The undersigned shall bill against the retainer at an hourly rate of ........   $          **425.00**
[Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

2.  $  **310.00**    of the filing fee has been paid.

3.  The source of the compensation paid to me was:

☑  Debtor        ☐  Other (specify):

4.  The source of compensation to be paid to me is:

☑  Debtor        ☐  Other (specify):

5.  ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
e.  [Other provisions as needed]
   **Services that are included in the firm's representation are defined specifically in the attorney client retainer agreement executed between the parties and no other legal services are included.**

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Services that are included in the firm's representation are defined specifically in the attorney client retainer agreement executed between the parties and no other legal services are included and therefore are excluded.**

In re    **David P. Sedlock**_____    Case No. _____

_____Debtor(s)_____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
### (Continuation Sheet)

| **CERTIFICATION** |
| --- |
| I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding. |

**August  2, 2017**_____    **/s/ J. Kevin Benjamin ARDC #:**_____
*Date*    **J. Kevin Benjamin ARDC #: 6202321**
*Signature of Attorney*
**Benjamin Legal Services, PLC**
**1016 W. Jackson Boulevard**
**Chicago, IL 60607-2914**
**(312) 853-3100  Fax: (312) 577-1707**
**attorneys@benjaminlaw.com**_____
*Name of law firm*

# BENJAMIN LEGAL SERVICES, PLC

10/2/2016

### *ATTORNEY CLIENT RETAINER AGREEMENT FOR CHAPTER 13 RELATED SERVICES*

This Agreement is executed between Benjamin Legal Services, PLC., a Florida Limited Liability Partnership headquartered in Chicago, Illinois ("Firm" or "Attorney" meaning the law firm its staff and attorneys), and the undersigned ("Client"), whether one or more parties individually or jointly, (and collectively the "Parties"). In cases of joint representation of spouses, communication with one spouse will be deemed communication with both spouses. Attorney may disclose to both spouses any facts disclosed by either spouse. Client has been advised to close or draw down any financial account at an entity to which Client owes or may owe money. Client has received a free consultation with no obligation to retain Attorney or to proceed to file a bankruptcy petition ("petition for relief"). The Parties agree that any prior consultation time is now part of the legal services that have been performed and further agree to pay the Attorneys for any related services rendered by the Attorneys on behalf of Clients prior to the execution of this Agreement.

Client authorizes Attorney, at their sole discretion and at Attorneys expense, to hire other Attorneys to act in their behalf regarding attendance at 341 meetings, court appearances and/or bankruptcy hearings. More then one attorney and staff may work on this matter. Further, the Parties agree that the Attorney may retain other attorneys as consultants on matters related to this Agreement, and Client agrees to compensate these attorneys for services rendered on Client's behalf at the rates set forth in this Agreement, provided that no services shall be performed by any other outside attorney without the prior consent of Client to the employment of any other attorney unless otherwise stated in this Agreement.

In the event Attorney commences litigation to collect any fees and expensed incurred on behalf of Client, or otherwise undertakes to enforce this agreement due to any breach of it by Client, then Client agrees to pay such legal fees and expenses and Client will be responsible for all costs associated with enforcing the terms of this agreement including but not limited to additional attorney fees and costs.

Now for and in consideration of the mutual promises and obligations exchanged herein under this Agreement, the Parties agree to as follows:

**1.      Payment Term and Term of Pre-Filing Representation.** The Initial Retainer quote ensures Attorney's availability to advise and consult with Client or to perform legal services related to the subject matter of this Agreement for a term period of 3 months from the date of this Agreement, and must be paid in full before the expiration of said payment term, after which date this Agreement terminates with no further notice or obligations due from Attorney, unless a petition for relief has in fact been filed, or Attorney, at Attorneys sole discretion, agrees to keep it open. If the retainer fee is paid in full within the term and Client desires to have Attorney file a petition for Client, and assuming Client is qualified and eligible at the time to file, Client will have an additional 30 days to pay the filing fee and any costs or expenses due Attorney, and to provide Attorney with all requested documents in order for Attorney to file a petition for relief under BAPCPA for Client. Attorney does not want to give the false impression that Client may make payments on the retainer at their leisure with Attorney locked into a quoted Retainer or that Client may contact Attorney at any time in the distant future and feel they can "pay the balance due" and have Attorney obligated to file a petition on behalf of Client as Attorney will not and Attorney does not want to give the false impression that if the retainer is not paid in full and on time and a petition is not filed under the terms of this agreement, that Client reserves the option of having Attorney file a petition whenever Client may determine at some time in the future, because no such option exists.

**2.      Retention of Attorney.** Client retains and employs Attorney as Clients legal insolvency and bankruptcy counsel. The retainer is paid by Client to Attorney in order to ensure Attorney's commitment and availability during a specific time period to perform or provide legal services reasonably necessary to represent Client's interests, absent extraordinary circumstances, related to the specific subject matter as indicated in this Agreement. By retaining Attorney Client acknowledges Attorney is obligated to: (a) refuse any employment that would ever present a legal conflict of interest, limiting Attorney's potential for future clientele; (b) limit the number of new clients it accepts in order that it may perform the work with the highest amount of efficiency and not take every case; and (c) plan its workload so Attorney may perform all legal services necessary for Client under the subject matter of this Agreement. These obligations assure Client that Attorney is available to serve Clients to the best of its abilities and Client's interests, subject to the terms and conditions herein. The value of Attorneys services in relation to the retainer includes this extrinsic value and benefits that Client expressly agrees it is receiving by retaining Attorney. The value of the Attorneys services is not just determined by the hours or Attorneys "time" but rather Client is paying for Attorneys collective knowledge and expertise with the exact extrinsic value difficult to quantify. Extrinsic value of Attorney's services is taken into consideration, along with everything else, in determining the reasonableness of the retainer and the right of Attorney to consider the retainer earned in certain circumstances. In determining the extrinsic value of Attorneys services it is agreed that the preparation and representation of clients in a matter under BAPCPA requires many disparate tasks and functions for Attorney and Attorney's staff, some of which may require legal expertise and some of which may only be administrative or ministerial in nature and these functions all have value to Client. The value of Attorney's pre-filing, pre-filing services are not always evident to Client and more time, effort and resources are expended upon representation of a Client pre-filing of the petition then almost all clients realize.

**3.      Legal Representation.** Client retains Attorney specifically, solely and exclusively for legal services in representing Clients legal interests in relation to a proposed filing under Chapter 13 of the USBC ("USBC"), as amended and effective October 17, 2005, known as the Bankruptcy Abuse and Consumer Protection Act ("BAPCPA"), and for no other matters or services ("Services"). Attorney accepts such representation pursuant to the specific written terms of this Agreement. Attorney's advice and analysis is based upon circumstances presented by client at the initial consultation (which may not include full disclosure by Client), as well as current, local, state, and federal laws. It is expressly agreed and understood between the Parties that this Agreement is not contingent upon the filing of a petition for relief and Client has no obligation to proceed to file a Chapter 13, or any chapter of bankruptcy or any bankruptcy petition. If Client decides not to proceed with the filing of the petition for any reason or (a) the petition is not filed under the time frame expressed in this Agreement for any reason; (b) or filing Venue changes; (c) or the Client decides to just close the file; (d) or Client breaches this Agreement; then this Agreement shall be deemed concluded with Client obligated to pay for any work done and costs incurred.

 **Benjamin Legal Services is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States.  Member of the National Association of Consumer Bankruptcy Attorneys**

*[Page - 1 of 7 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 7]* 

# Benjamin Legal Services PLC

**4.    Scope of Legal Services Defined.**  Attorney shall represent Client generally regarding Clients financial hardships and provide all legal services reasonably necessary to fully inform Client of requirements under Chapter 13 of BAPCPA. Attorney may represent, advise and perform legal services for the Client on matters related to a reorganization, restructuring, workout agreement, bankruptcy proceeding, or similar transaction contemplated or entered into by Client, and in connection with any filing of a Chapter 13 petition, schedules and related documents or such other services, or solutions, as may prove related and/or incidental thereto or as specified in this Agreement, including issues regarding the use, sale or lease of property of the estate, or the recovery of any property through avoidance actions under the Bankruptcy Code.  Should Client proceed to have Attorney file a voluntary petition under Chapter 13 of the United States Bankruptcy Code, Attorney may, with the assistance and cooperation of Client, its agents and employees, perform the following services as specified under the terms of this Agreement, including, but not limited to the following: (a) the initial consultation; (b) representation in a Chapter 13 filing and negotiating a plan of reorganization; (c) review and preparation of documents necessary to file a Chapter 13 petition for relief and preparation and electronic filing of petition, schedules, all statements, statement of financial affairs, supplemental local forms, creditor list, and other documents and pleadings as necessary; (d) preparation and attendance of Client at all section 341 meetings of creditors and confirmation hearings were appropriate, negotiations, and other proceedings, related to the representation as described in this Agreement; (e) advise client as to the rights, duties, and responsibilities as a Chapter 13 debtor; (f) advise client in relation to available exemptions available under applicable law and in claiming exemptions that best serve the Client's interests; (g) assist Client in complying with all of the requirements imposed by the bankruptcy laws, the bankruptcy rules, or any local bankruptcy rules or otherwise; (h) review of proof of claims and objections where appropriate as determined by Attorney with cooperation of Client; and (i) and case administration and monitoring.  It is understood that BAPCPA no longer allows for the restructuring or "Cram downs" of unsecured portions of residential mortgage liens (with certain exceptions).

**5.    Excluded Matters**.  This Agreement does not retain Attorney for any service(s) or matters not specified herein (except as required under BAPCPA, USBC or Rules, Local Rules of the US Bankruptcy Court or the presiding judge) and Attorney will NOT take any action outside of services described in this Agreement.  Specifically, and without limitation, this agreement does not include representation in any other chapter of bankruptcy; or of any other person, entity or business that may be owned, affiliated or associated with by Client or Client's spouse or that either may have an interest in; any pending or future litigation, legal proceedings or services of any type; any foreclosure defense proceedings or court actions; mortgage loan forensic or securitization audits services; any traffic or drivers license related issues; reinstatement of dismissed or reopening of closed cases; any federal, state, local, divorce, or criminal court proceedings, actions or related matters (and clients are specifically advised to attend all relevant court hearings or proceedings unless advised otherwise in writing); any type of appeal(s); adversary complaints or proceedings; contested matters involving bankruptcy abuse or bankruptcy fraud matters; discharge-ability actions or objections; the preparation and/or filing of the pre-discharge financial education certificate; any post discharge litigation; any type of bankruptcy litigation (outside the scope of this agreement) related to the mortgages or mortgage loans of any type, whether the are residential, investment or commercial; loan workouts or restructurings; or loan modifications of any kind unless at Attorney's sole discretion such an undertaken would be advise-able post filing of a petition, in which case at Attorneys sole express discretion Attorney may agree to represent Client, with no additional up front retainer, but subject to the terms and conditions of this Agreement and the hourly rates set forth herein. However, Attorney is not obligated to represent Client in any excluded matter absent Attorneys express consent and discretion to do so.  Therefore, in the event Attorney asks Client to enter into a separate retainer agreement for any excluded matter(s), or specifically adversary related representation, Client will do so upon request and Attorney may require an additional retainer fee at that time as a condition of representation in any excluded matter, subject to the hourly rates of Attorney or flat fee, as determined by Attorney.

**6.    Conclusion/Termination of Services.**  The termination of Attorneys services or conclusion of this Agreement for any reason will not eliminate Clients obligation to pay for legal services rendered and other charges incurred before termination or conclusion or in connection with an orderly transition of this matter and any unpaid fees for legal services or costs expended, shall be due, owing and payable immediately upon said event including any withdrawal or discharge of Attorney, or other event that concludes this matter or terminates services of Attorney, including dismissal or conversion of the bankruptcy petition. Any earned compensation or cost reimbursements received under this Agreement will not be applied or credited to any new service. If Client desires to retain Attorney for any other legal services, or upon the expiration or termination of this agreement for any other reason, a new and separate written retainer agreement specifying the specific representation would need to be executed between the parties prior to any such representation and additional attorney fees and costs may be due in advance, not subject to any previous quoted retainer fees. Though Attorney is not obligated to undertake any such new representation, any and all future work Attorney may handle for Client in the future in other matters will be handled in accordance with this Agreement at our hourly rates unless otherwise agreed upon.  Upon cessation of Attorney's active involvement in any particular matter, even if Attorney continues to represent Client in other matters, Attorney will have no duty to inform Client of future developments, deadlines or changes in the law.  At Clients prepaid expense, Attorney will return files, original papers and other property, if any, in its possession to Client upon a receipt of a request for any such materials unless they are appropriately subject to a lien under applicable law, and provided that Client has paid all outstanding legal fees and expenses due Attorney.

**7.    Client Rights as to Conversion or Dismissal.**  Bankruptcy law is subject to different interpretations and that there are inherent risks in how Courts will apply various provisions. Client assumes the risks in filing a chapter 13 bankruptcy petition including that: (a) a chapter 13 can be involuntarily converted by the court on its own, or a request of the U.S. trustee, chapter 13 Trustee, creditor or party in interest, for cause, including but not limited to bad faith in filing either the petition or the plan, non disclosure of assets, liabilities, improper transfers of interest, or otherwise in accordance with the USBC and relevant case law, to a chapter 7 without Client's approval and can result in the possible liquidation or loss of property, and may also include denial of discharge and inability of Client to have the converted case dismissed or re-converted; (b) a debtor in a chapter 13 may not have an absolute right to have the case dismissed upon request, under certain circumstances, and court approval will be required and will not be automatically granted under certain circumstances; and (c) in an individual case, failure of the debtor to pay post-petition domestic support obligations constitutes "cause" for dismissal or conversion.  Client must be eligible to be a debtor under any chapter of bankruptcy in order to be able to voluntarily convert a petition to another chapter under the USBC.  Upon conversion to a chapter 7 or chapter 11 any such fees or expenses due Attorney at the time of conversion will be treated as administrative expenses with Attorney entitled to priority payment(s) under Sections 503(b) and 507(a)(2) of the USBC, and in converting the petition additional attorney fees and costs will be incurred with Client remaining obligated for any unpaid balance of earned fees and costs due on any current and filed petition that is being converted in addition to the new legal fees and costs. Any



**Benjamin Legal Services** is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys

[Page - 2 of 7 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 7]

INITIALS

## Benjamin Legal Services PLC

compensation previously paid to the date of the conversion will be credited towards attorney fees or costs that have been earned for the pre-converted chapter 13, and only unearned compensation may be applied or credited to representation in a new or converted Chapter 7, 11, re-filing a petition, other proceeding or any other matter. Attorney shall be under no obligation or duty to prepare and file the necessary conversion and related court papers until a new and separate retainer or fee agreement has been executed by the parties setting forth the terms of such representation with the agreed fees and costs paid in full for the newly converted chapter 7 or new advanced fee retainer for a newly converted chapter 11. Upon request Client will promptly sign a retainer agreement post conversion for any legal services to be performed post conversion or Attorney will not be obligated to represent client post conversion and may withdraw.

**8.    The Attorneys' Authority To Act.** (a) In matters of professional responsibility, the Attorneys shall act in their own discretion as they deem proper under the applicable rules of court and the Illinois Code of Professional Responsibility and the Courts hearing the litigation or such other court(s) wherein the Attorneys may come to represent the Clients (collectively "ICPR"), and without any direction from the Clients. However, Client is free to comment on any aspect of the Attorneys' professional conduct and are encouraged by the Attorneys to do so at any time; (b) Attorney recognizes that it is the Attorneys' general duty to carry out the directions of their principal, the Clients, but the Clients recognize that their agents, the Attorneys, are possessed of special skills and training in legal matters beyond those of the Clients. Therefore, in matters of general strategy, the Attorneys shall follow the general directions of the Clients where such direction does not impinge upon the Attorneys professional responsibilities in any or all matters, or the Attorneys' professional judgment in matters concerning which a full consultation with the Clients is not practical—i.e., and without limitation, how to proceed in open court, when the Clients cannot be reached, or when immediate action is needed; and (c) anything herein to the contrary notwithstanding, nothing herein shall be construed to limit the Attorneys' responsibilities under the ICPR, but it is the Parties' desire that the provisions hereof be liberally construed to the extent possible to conform to said ICPR. Should any provision hereof be found to violate the said ICPR, such finding shall not affect the remaining provisions hereof unless such finding would substantially and materially affect the basic purposes hereof, which are to provide the Clients with legal representation and to provide for reasonable payment to the Attorneys.

**9.    Legal Strategies, Good Faith Claims and Ethics.** The Clients understand that some of the matters involved are complex and that any advice, opinion, consultation and the like, given at the initial consultation(s) is/was preliminary and based upon information provided by Client and facts available to Attorney at that time. Attorney's further investigation or analysis of the circumstances, facts or discovery of additional facts, changes in Clients circumstances or the laws, or other future events, may from time to time change the Attorneys' advice regarding any and all matters brought to them, perhaps materially so. From time to time, strategies may be reevaluated and/or even abandoned entirely depending on, among other things, the information obtained by the Attorneys, and the reaction of the Clients' Creditors, Lenders, or Servicers to any litigation or defenses brought on behalf of the Clients and/or settlement proposals and negotiations. The Attorneys are not obligated to begin or to continue to prosecute or defend any claim that in their sole professional judgment is or becomes objectively or subjectively frivolous, can only be brought in bad faith, or whose continued prosecution comes to constitute bad faith, violates or comes to violate any rule or code of professional ethics, or has or comes to have so little chance of success on the merits that it is not reasonable to expect the Attorneys to continue to invest their time in the prosecution thereof. The Attorneys may advise the Clients to settle any or all of Clients' particular matters in which they become involved. Client will request legal advice in writing on important matters with regard to which Client may rely upon Attorney for advice. Unless legal advice is given in writing Clients may not rely on any legal advice. Attorney will take reasonable steps to keep Client informed of any status or progress, and respond to Client's reasonable inquires, or questions in a reasonable fashion.

**10.    Client Obligations, Representations of Good Faith and to Attorney.** Client will at all times to be truthful with Attorney, cooperate with Attorney, respond to Attorney's request timely, and keep Attorney informed of any developments, and current contact information and that Client will attend all scheduled court hearings IF told to do so by Attorney and Client will attend all scheduled meeting with Attorney as requested by Attorney in Attorneys office. Attorney will prepare the bankruptcy filing and associated documents based upon information supplied by Client and Attorney will rely upon this information as being true, accurate, complete and correct. Client attests and affirms that they will attend the section 341 meeting of creditors ("Trustee Meeting") and that Client has not, and will not, given Attorney any false or misleading information, will not omit any information from Attorney now or in the future and has and will continue to provide Attorney with timely, complete and accurate information, all requested information, all requested documentation, questionnaires, intakes, and pertinent information, including full disclosure all financial information to Attorney promptly and as requested by Attorney and prior to the filing of any petition for relief. If false, incorrect or incomplete information is included, or information is omitted, it can cause Client additional effort and expense to remedy the error, may place the bankruptcy itself in jeopardy and could result in civil or criminal liability. It is vitally important that the information included in the bankruptcy schedules be *complete and correct* to avoid any problems. Client will review all documents filed as part of the bankruptcy case, and Clients signature on those documents signifies that client has read them, understood them, and agrees with their contents. Client agrees to perform fully and conscientiously all the duties of a Debtor under the Bankruptcy Code, and shall timely, comply and communicate, with all reasonable requests for information or reports by the Bankruptcy Court, U.S. Trustee and the Attorney. Client must preserve all records and documents related in any way to this matter, including all electronic documents and data. If Client should not act with absolute honesty and integrity with Attorney, or fails to fulfill its obligations, cooperate with or provide Attorney with complete and accurate information or if Client becomes delinquent in the payment of their bills, then the Attorneys may either decline to represent the Clients or discontinue such representation immediately and without notice, and in either such case, the Clients agree not to object to the Attorneys' declination, discontinuation of their services or motion to withdraw from this matter without any refund of any earned fees. Upon the filing of a petition for relief Client, unless otherwise instructed by this office, Client must and will pay all taxes incurred after the date of filing (and file all necessary tax returns), and maintain any required insurance on real and personal property. Clients agree to inform Attorney of any increase in income and to always provide Attorney with their tax returns at the same time they file them each year.

**11.    Venue for Filing.** This Agreement is subject to Client qualifying to file a petition for relief in the same U.S. District Court jurisdiction as defined by the USBC and rules, by permanently residing in, or maintaining the same domicile in which they are currently domiciled as of the date of this Agreement, and at the actual time of any filing of a petition for relief. In the event Venue changes before the filing of a petition for relief, for any reason, this Agreement will be deem concluded per the terms of this Agreement.

**12.    Legal Fees and Billing Practices.** The Parties hereto understand and acknowledge that the amount of services to be provided by the



**Benjamin Legal Services is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys**

[Page - 3 of 7 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 7]


INITIALS

## Benjamin Legal Services PLC

Attorneys and the outcome of the representation are extremely difficult to predict as professional fees charged reflect a number of factors, including the number of attorney and non attorney hours incurred, the relative experience of the attorney(s) or staff member performing the services, the difficulty of the matter, and the results obtained for Client. Professional Fees are determined by multiplying the actual number of hours incurred by the hourly billing rate(s). Compensation will be paid to Attorneys at their customary hourly rates (including all para-professional staff) as they exist from time to time. Attorney's current hourly rates are $425.00 per hour for J. Kevin Benjamin, $375.00 per hour for Theresa Benjamin, and $125.00 for paraprofessional time (i.e., paralegals, law clerks or legal assistants). Services provided will be charged a minimum billing unit of one-tenth of an hour, and services will be recorded and billed in one-tenth of an hour increments. Attorney will charge for all services and activities undertaken in providing legal services to Client under this Agreement, including but not limited to the following: waiting and portal-to-portal travel time, both local and out of town; conferences/meetings, including preparation and participation; legal research and analysis; court and other appearances, including preparation and participation; and preparation and review of correspondence, documents, including email, telephone, facsimile, in-person and other communications with you, other attorneys or persons involved with this matter, governmental agencies and any other party or person contact with whom is advisable for our representation. Legal personnel assigned by Attorney to this matter may confer among themselves about Client's matter, as required and each will charge for the time expended, where appropriate. If more than one of Attorney's legal personnel attends a meeting, court hearing or other proceeding, Attorney will charge for the time spent by each individual only if it is necessary in Attorney's judgment to have two or more personnel at the meeting, hearing or proceeding.

13. **Billing Statements.** Attorney's standard practice is to bill each month for services rendered and expenses incurred by us during the previous month, or for monthly set payments. Client may receive a copy of invoices with a detailed itemization of all fees and costs incurred, the basis for the fees and costs and the billing statement may list the professionals who worked on your matter for that billing period with their hourly billing rates. Payment is due upon receipt of Attorney's invoice. Attorney must approve any different payment arrangements in advance, in writing. Attorney reserve the right to terminate its representation if payment is not received within fifteen (15) days of its invoice, and Client agrees not to contest Attorney's withdrawal from any court or administrative proceeding if payment is not received within thirty (30) days of its invoice or request. Should Client have any questions concerning any statement, Client shall contact Attorney to discuss them so that there may be an opportunity to resolve any misunderstandings in a mutually agreeable manner. Overdue balances will accrue interest at 12% per year.

14. **Court Approval of Fees Post Filing/Post Petition.** Upon the filing of the petition for relief and the duration of this matter all legal fees related to this Agreement are subject to the jurisdiction and control of the United States Bankruptcy Court for the District in which the petition was filed and the ultimate fees to be awarded Attorney for its representation may be approved by the Bankruptcy Court while it maintains its jurisdiction over this matter. Additional attorney fees may be requested by Attorney via interim fee applications filed by Attorney with the Bankruptcy Court seeking to obtain authorization for further award and payment of additional compensation based upon Attorney's prevailing hourly rates as indicated in this agreement, as well as for reimbursement of any costs or expenses incurred or expended by Attorney and Client may be charged without any further notice and in the discretion of the Bankruptcy Court for such services, including for costs and attorney fees earned post filing of the petition. Interim applications are not made on a particular time basis but may be submitted at Attorney's discretion for review and approval by the Bankruptcy Court. Client agrees to pay to Attorney any award of compensation or expenses promptly upon the entry of a Court order authorizing such award and in accordance with the terms of this Agreement and of any order awarding such fees and costs. Any subsequent increase in the attorney fees allowed by the Court shall be deemed to immediately modify and amend the terms and conditions of this Agreement as to the legal fees due Attorney and shall be incorporated herein by this reference and with the terms of the order awarding such fees and costs which may be added to your Plan per court order and may then be paid, post filing, through and included in the Chapter 13 Plan. Thus, it is possible that any additional fees and expenses added to your plan, or any proofs of claims from creditors with higher amounts claimed then were scheduled by Client, may result in an increase in your monthly plan payment or in an extension of the length of your Chapter 13 Plan or both. If the case is dismissed after approval of the fees and expenses but before payment of all allowed fees and expenses, the order entered by the Bankruptcy Court allowing the fees and expenses is not a judgment against the debtor for the unpaid fees and expenses based on contract law or otherwise. It is simply an order permitting the chapter 13 trustee to pay approved fees to Attorney as part of the payments it makes to creditors under a confirmed chapter 13 plan. Any fee awarded by the court and paid to Attorney by the the trustee would be credited towards any amount for earned compensation or cost reimbursement Attorney would otherwise be entitled to. The fact that Attorney may seek an award of attorney fees and costs from the court that does not exceed the amount held by the trustee does not mean Attorney is waiving an earned compensation under this agreement nor is any such an award by the court in such an instance an order limiting Attorney's earned compensation. Thus if the case is dismissed or pending dismissal the fact that the court awarded Attorney fees, or that Attorney only sought approval of fees and costs in an amount not exceeding the amount held by the trustee, has no bearing on what Attorney may be entitled to, and what Client may be obligated to pay to Attorney under this agreement. No such action shall be an indication that Attorney has waived any right to its compensation or agreed to have reduced or limited any compensation it would otherwise be entitled to under this agreement even if Attorney only seeks approval for fees that simply do not exceed what is held by the trustee, that is granted by the court. Specifically in any such cases an award by the court in such an amount is not an order from the court that Attorney has not earned compensation per this agreement in any amount exceeding the award and it is not an order limiting Attorney's compensation under this agreement in the event that Attorney's services under this agreement would otherwise entitle Attorney to compensation for earned fees or cost reimbursement above the amount awarded by the court. In any event, if earned attorney fees and costs reimbursements are not paid as agreed or as ordered by the Court upon the dismissal, completion, conversion or conclusion of this matter as indicated in this Agreement then they will be due and owing Attorney and Attorney may then invoice or request prompt payment from Client directly and in accordance with the terms and conditions of this Agreement. This includes any fees or cost reimbursement that has not been paid to Attorney, but had been awarded Attorney, as well as any earned fees or cost reimbursement that may be due for any work performed after an award of fees and costs from the time of the last interim fee application, but that has not yet been submitted to the Bankruptcy Court or reviewed by the Bankruptcy Court if pending, or any amounts earned by Attorney in excess of any amount paid to attorney by the trustee based upon an fee award sought by Attorney and awarded by the Court that simply was based upon the fact that said amount was all that Attorney would be able to be paid from the funds the trustee was holding.

15. **Retainer.** The Retainer will be credited against any costs or expenses incurred by the Attorney as well for services performed by Attorney at



**Benjamin Legal Services** is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys

[Page - 4 of 7 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 7]


INITIALS

# Benjamin Legal Services PLC

the hourly billing rates. Client will pay Attorney a pre-petition, pre-filing retainer in the total amount that is specified in this Agreement, prior to the filing of any petition for relief (the "Retainer"), and in the following manner. 1) upon a pre-petition, pre-filing initial retainer; and if necessary (2) an additional pre-petition, pre-filing retainers or retainer payments due prior to the filing of any Chapter 13 petition. Client understands that in a matter of this kind it may be appropriate to take into account in establishing Attorney's fees additional factors, including the complexity of the work, the efficiency with which it is accomplished, the extent Attorney forego's other client opportunities, the nature of the results, or the like. Thus, Client will pay Attorneys a retainer in the amount listed below, at the time of, or prior to, the execution of this Agreement ("the Initial Retainer{s}"). The type, definition and classification of each retainer are specifically defined in this Agreement. The retainer shall be paid from funds of Client. In the event a Client desires to have payments made to Attorney by third parties, and not funds of Client, Attorney must specifically be notified. The fact third parties may pay some or all of the Clients' bills do not excuse the tardy payment of any bill by the Clients. Client may not pay attorney fees or expense by credit card but may use a debit card. If the Initial Retainer is paid in installments, those payments must be reasonable, in equal installments divided by the payment term, and paid timely and in succession until paid in full within the time period stated.

16.     **Type, Definition and Classification of Retainer.**  All retainers described herein, including all future retainer payments, are expressly agreed to be "advance payment retainers" as described in *In re Production Associates, Ltd.*, 264 B.R. 180 (Bkrtcy.N.D.Ill.2001) and *Dowling v. Chicago Options Associates, Inc.*, 2007 WL 1288279 (Ill.) and Client expressly agrees to this type of retainer as a condition of Attorney accepting representation. No funds will be held in any type of attorney trust fund account as the Attorneys will commingle the retainer and any future retainer(s) payments immediately upon receipt with their general funds being obligated only to refund an amount equal to the unearned portion thereof, if any (and not the actual retainer funds themselves), promptly after the termination or conclusion of the Attorneys' services or of this Agreement. Client maintains a contract right to the performance due from Attorney per this Agreement, but that does not give rise to any property right in any specific payments or compensation paid Attorney and Attorney is not holding any funds on behalf of Client, now or in the future, related to the specified retainer or any payments on Attorney compensation. Ordinarily, Clients have the option to request that the retainer he considered a "security retainer" where Clients continue to have an interest in the funds, but Clients recognize and agree that the Attorneys would not undertake the representation on that basis. The Attorneys are obligated by the Dowling case to advise Clients of the reason they would decline to represent Clients on a security retainer basis, and that reason is the Attorneys do not desire even potentially to compete with the creditors of the Debtor-Clients. This is advantageous to Clients in the Attorneys' opinion because the Dowling case makes specific reference to creditor problems as a reason justifying either an advance payment retainer or classic retainer over a security retainer. Further, Attorneys representation is time consuming and Attorney believes the initial retainer, and pre-filing, pre-petition retainer(s) will be earned quite easily and that the ultimate amount of legal fees will be in excess of the initial retainer and pre-filing, pre-petition retainer(s), which amount shall be credited against any amounts due at the termination or conclusion of this Agreement.

17.     **Payment on Retainer.**  If Retainer is paid in installments, those payments must be reasonable, in equal installments divided by the payment term, and paid timely and in succession until paid in full within the time period stated, herein and before any petition will be filed. If payment terms are not adhered to, payments dishonored, payments missed, stopped or reversed, then this Agreement shall immediately terminate without further notice to Client. In that event all previous receipts of earned compensation and costs will not be refunded and no further professional, legal or ethical responsibility will afforded to Client by Attorney from that time forward.

18.     **Payment Credits.**  All payments on account of the indebtedness represented by this Agreement shall be applied first to accrued and unpaid interest, late charges, collection fees, additional attorney fees and the remainder to principal on any Retainer fees, legal fees, cost or due diligence reimbursement and finally filing fees, despite any characterization by Client on any payment. Client authorizes Attorney to apply any "filing fee" and any payment for expenses that have not been incurred towards the Attorneys retainer. In the event Client is re-filing, re-retaining Attorney for an initial filing, or even retaining attorney for a new matter, it is understood and agreed that any payments toward compensation will be credited first to any balance owed on any previous case(s)/accounts and any funds Client may think they are paying for a re-filing or re-retaining or other case will be applied to previous cases first.

19.     **Additional Retainer.**  Unless the Retainer quoted is paid in full at the execution of this Agreement, Client will pay a second and additional retainers ("the Additional Retainer" or "AR") in a manner specified in this Agreement and on or before the filing of any petition for relief.

20.     **Attorney Lien.**   Client hereby grants Attorneys a lien on any and all claims, causes of action, judgments or settlements that are the subject of the representation under this Agreement, or may arise from the subject of this Agreement. Attorneys' lien will be for any sums due and owing at the conclusion of services.

21.     **Security Interest.**  Client grants Attorney a security interest through an attorney's lien on such funds paid to Attorney to the extent of Attorneys fees and costs.

22.     **Filing Fee.**  The Retainer does not include the $310.00 filing fee for a Chapter 13 (subject to change at anytime) or any costs, expenses or due diligence. The Filing Fee is not due until the petition is actually going to be filed and Client agrees to NOT pay that to Attorney in advance of filing or until told to do so by Attorney. Attorney may invoice Client separately for the filing fee and costs, which will be due and payable at that time and prior to any filing.

23.     **Client's Obligations to Pay Designated Costs, Fees, Expenses and Due Diligence.**  Client understands that in addition to any attorney fees that client is responsible for any and all reasonable costs associated with said representation and Attorneys due diligence. At Clients expense, Attorney is empowered to obtain information about Client's assets, credit, creditors, taxes, debts, income, expenses and other public and non-public information that may be used to verify and ensure the completeness of the information provided by Client as part of Attorney's due diligence and ordinary course of representation. Such information may not be comprehensive or complete. It is obtained for background information and to aid Attorney's due diligence. Attorney may order multiple due diligence products at its discretion as due diligence may be done when retained, before filing, any time in between, or as often as Attorney deems prudent as before filing some due diligence may have become stale. Attorney may charge a $1.00 minimum for each item noticed to each additional creditor, or any party, as an expense for postage, copying and envelopes. Attorney does not charge for routine facsimile or telephone usage, but does charge a 5% credit/debit card-processing fee, which Client agrees to pay when applicable. These costs, expenses and due diligence are not part of Attorney's overhead.

**Benjamin Legal Services** is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys

[Page - 5 of 7 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 7]


INITIALS

## Benjamin Legal Services PLC

**24.    Statute of Limitations and Tolling.**  It is understood the filing of a petition in bankruptcy will "Toll" any statute if Limitations period, including but not limited to, any Internal Revenue Services, local, state and federal taxes, non-dischargeable debts, lawsuit deadlines, or collection periods, etc.

**25.    Disclaimer of Guarantee.** (1) Nothing in this Agreement or any statements to Client will be construed as a promise or guarantee regarding the outcome of the Client's matter or chance for success and no guarantee as to specific results has been given to Client, with any express or implied comments about specific results or potential outcome of matters pertaining to Client are expressions of opinion only and do not create or imply a promise, warranty, representation, guarantee, as to a specific outcome on Clients matter; (2) Attorney has not made any promise or guarantee to "save" any real property of Client, or that a cause of action against any creditor or lender exists or would result in any creditor or lender's agreement to change, modify, or restructure any loan terms or reduce any negative equity in real property; (3) There are risks in filing for bankruptcy, including the possible liquidation or loss of property and Client understands that bankruptcy law is subject to different interpretations and that there are inherent risks in how Courts will apply various provisions; (4) Since approval and confirmation of a Chapter 13 plan requires a court order of confirmation, and may require consent of creditors and chapter 13 trustee, and subject to any adversary proceedings contesting discharge, no guarantees or representations are made as to whether any such approvals will or can be obtained or that client will obtain any applicable discharge under any chapter of the USBC; (5) Legal services and proceedings are uncertain, and there are various interpretations and changes in the laws occur as well as unknown factors that may alter the outcome or results; (6) Client acknowledges there is NO GUARANTEE to the successful filing of a petition for relief under any chapter of the USBC, confirmation of any plan of reorganization, or the defense of any motion to dismiss, modify the automatic stay, adversary proceeding or contested matter, and that there are, in fact, significant risks if a Standing Trustee, U.S. Attorney/Trustee or Creditor prevails in any action.

**26.    Dishonored Payments.** Attorney will charge Client $50.00 on all dishonored checks or payments dishonored, returned NSF, Insufficient Funds or Account Closed, Payment Stopped, Payment Reversed or Charged Back, Unauthorized, declined debit/credit card, and the like.  Client will pay will pay all fees/costs associated with collection, of said dishonored checks/payments.  If Client issues a check to Attorney that is not honored for any reason, or debit or credit card is declined, dishonored, reversed or charged back and any dishonored payment is not immediately resolved by Client, this agreement will be deemed concluded and Clients file closed automatically with no further notice required to be given by Attorney to Client.

**27.    Legal Advice Regarding This Agreement.**    The Attorneys are not representing the Clients regarding its entering this Agreement, nor are they rendering any legal advice to the Clients regarding same.  The Clients acknowledges and represents that the Attorneys have advised it that it should retain its own independent legal opinion (meaning from legal counsel other than the Attorneys) regarding it entering this Agreement with the Attorneys, and that the Clients has indeed obtained that independent legal advice or has knowingly waived its right to obtain such independent advice. The Clients is strongly urged and entreated by the Attorneys to obtain such outside, independent, legal opinion of the lawyer or lawyers of its choice before entering this Agreement, and to have said independent attorneys make any inquiries regarding this Agreement as they may so desire.

**28.    Agreement Complete.**  This instrument contains the terms and conditions constituting the entire Agreement between the parties and may not be modified except by a written agreement signed by all parties. There are no promises, terms, conditions or obligations applicable to Attorney's representation hereunder, except as expressly set forth in this Agreement.  The terms hereof supersede any previous oral or written agreements or understandings between the parties with respect to Attorney's representation, with all previous understandings or agreements having been merged herein.  In the event any provision hereof for any reason is illegal or unenforceable, the same shall not affect the validity of the remaining provisions. This Agreement may be signed in Counterparts and each of the terms and provisions of this Agreement are to be deemed severable in whole or in part, and if any term or provision or the application thereof in any circumstances should be invalid, illegal or unenforceable, the remaining terms & provisions or the application thereof to circumstances other than those as to which it is held invalid, illegal or unenforceable, shall not be affected thereby and shall remain in full force & effect.

**29.    Rule of Reasonableness.** This Agreement shall be construed under a rule of reasonableness at the time it was entered, examining any provision thereof with a mind that the Parties hereto were acting in good faith and without oppression, attempting to reach a fair and equitable means on which the Attorneys could pursue the Client's interests on behalf of the Clients and be paid the reasonable fees provided for herein.  All actions taken in accordance herewith shall be construed under a rule of reasonableness as of the time they were taken.

**30.    Consent to Jurisdiction and Services.** This Agreement shall be deemed executed in the City of Chicago, County of Cook, State of Illinois, where it arose and where it shall substantially or totally be performed, and shall be construed and governed under the laws of said jurisdiction and venue by agreement of the Parties.  The Parties consent to the subject matter jurisdiction of any such Court and in no event shall any party to this Agreement contest the jurisdiction or venue of any such court(s) over them with respect to any claims or disputes arising out of this Agreement.

**31.    Effective Date.**    The representation covered by this Agreement commences only upon the receipt by Attorney of a signed Agreement and payment of the initial Retainer and prompt, current payments, in succession and as agreed, on any payments toward the full pre-filing, pre-petition Retainer. Without an agreed payment there is no consideration and no effective contractual, ethical, or legal responsibilities between the parties.

**32.    Penalty of Perjury.**  CLIENT UNDERSTANDS THAT THE INFORMATION DISCLOSED IN OUR PETITION IS GIVEN UNDER PENALTY OF PERJURY AND THAT THE FEDERAL PENALTY FOR PERJURY MAY INCLUDE IMPRISONMNET AND HEAVY FINES

**33.    Time Is Of The Essence.**    Any delay on Clients part may disqualify Client for Chapter 13 relief or otherwise adversely affect client's case. Attorney may not be able to file the case or take other necessary actions, until all requested documents and/or information, including but not limited to the certificate of credit counseling, are received by Attorney along with all required attorney fees, costs and filing fee.

**34.    Estimate of Retainer and Effect of Client Delays.**    The Retainer quoted was estimated based upon the anticipated amount of work required by Attorney based the information provided by Client to Attorney at the initial consultation and intake forms, regarding the estimated amount of creditors, debts and current assets, of Client indicated at the initial consultation and client's duties and obligations as set forth in this agreement.  If any information is incomplete, inaccurate or incorrect the attorney fee and any Retainer on attorney fee, may be adjusted upwards by Attorney and the advice or recommendation of Attorney, including as to what Chapter to file, may change.  Further, Attorney reserves the right to charge additional fees and retainers due to any Client delays in paying retainer fees, costs/filing fee on time, returning or signing off on the petition or in providing information to Attorney, including but not limited to, appraisals, proof of insurance, title reports. tax returns, pay advices, bank statements or any other requested documents or information. These can be monthly for updating the petition/file and will be a minimum of one hour of attorney time.  If



**Benjamin Legal Services is designated as a Federal Debt Relief Agency and the President of the United States.  Member of the National Association of Consumer Bankruptcy Attorneys**

[Page - 6 of 7 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 7]


INITIALS

## Benjamin Legal Services PLC

retainer is paid and petition prepared and Client delays the filing for whatever reason Attorney may close the file with no obligation to file that petition in the future. At Attorneys discretion it may charge an update fee (along with potential new due diligence costs) to redo the petition as the petition and due diligence expire/become stale quickly under BAPCPA and Attorney will have to update/re-do/re-analyze the petition and clients situation again and that is not contemplated as a service under this Agreement, but depending on the timing and circumstances Attorney may state the file is closed and with no further obligation and no refund of any earned attorney fees.

**35.** **Copies:** A copy, facsimile, electronically signed or other reproduction or copy of this agreement, including any signatures (electronic or otherwise), shall have the same force and effect as the original and be deemed to be an original for all lawfully enforceable purposes and shall have the same force and effect as an original.

**36.** **Pre Filing, Pre-Petition Initial Retainer Terms.** The Retainer is not a flat fee all inclusive Retainer as the amount of work required prior to the filing of a petition for relief (and over the life of a chapter 13 plan if applicable) is hard to ascertain and the Retainer will be credited against the hourly rates and work performed by Attorney. The Initial Pre-Filing, Pre-Petition Retainer quoted below is the Pre-Petition, Pre-Filing Retainer required before a case will be filed and post filing may be disclosed to the Court in accordance with the terms and conditions of this Agreement. The pre-petition, pre-filing Initial Retainer must be paid in full upon the execution of this Agreement, but Attorney, at its discretion, may undertake a reasonable payment plan for the payment of the full pre-filing, pre-petition Retainer. Upon the filing of the petition for relief any attorney fees or costs that may still be due at the time of filing may not be invoiced directly to Client and Client may not pay attorney directly on any pre petition amount that may be due and owing as any billing procedures and direct payments to Attorney are suspended upon the filing of a Chapter 13 petition and during an active Chapter 13.

The balance of the legal fees may be taken post filing inside the Plan and in accordance with the terms and conditions of this Agreement.

$ __7,000_.00     Pre-Petition, Pre-Filing Legal Retainer Fee due in full within the payment term per this Agreement before filing

The undersigned individuals acknowledge to have read, reviewed, understand and received an exact completed copy of *all SEVEN pages* of this Agreement and agree to be bound by all their terms and affirm that I/we are the person(s) requesting services of Attorney under this agreement.

DATED THIS 29th DAY OF JULY, 2017

Client(s) confirm that each of them have the necessary authority to execute this agreement and obligate themselves to the terms hereof. Client(s) hereby authorize and direct Attorney to begin representation immediately and Attorney will undertake representation immediately upon the execution of this Agreement and thus legal fees will start being earned.

CLIENT(S):                                    **FIRM: BENJAMIN LEGAL SERVICES PLC**
                                                                 **(A debt Relief Agency)**

Client: _David Sedlock_
Print:     DAVID SEDLOCK              FOR FIRM: ___/s/ J. Kevin Benjamin __
                                                      Print:   J. Kevin Benjamin, Esq., (on behalf of FIRM)



**Benjamin Legal Services is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys**

[Page - 7 of 7 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 7]



# United States Bankruptcy Court
## Northern District of Illinois

In re   **David P. Sedlock**

Debtor(s)

Case No.

Chapter   **13**

# VERIFICATION OF CREDITOR MATRIX

Number of Creditors:   **68**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   **August  2, 2017**

**/s/ David P. Sedlock**

**David P. Sedlock**
Signature of Debtor

American Express Centurion Bank
Acct No 3499908104731183 - ending 3006
c/o Becket and Lee, LLP
Po Box 3001
Malvern, PA 19355-0701


Amex
Acct No 3499908104731183
Correspondence
Po Box 981540
El Paso, TX 79998


Amex
Acct No 3006
Po Box 297871
Fort Lauderdale, FL 33329


Amex
Acct No 3499908104731183
P.o. Box 981537
El Paso, TX 79998


Amex
Acct No 3499908104731183
Po Box 297871
Fort Lauderdale, FL 33329


Bank of America
Acct No 872285821
Nc4-105-03-14
Po Box 26012
Greensboro, NC 27410


Bank of America
Acct No 872285821
1800 Tapo Canyon
Simi Valley, CA 93063


Becket and Lee, LLP
Acct No 3006
Attn: Shraddha Bharatia
POB 3001
Malvern, PA 19355-0701

Capital 1 Bank
Acct No 7001062003757410
Attn: Bankruptcy Dept.
Po Box 30285
Salt Lake City, UT 84130

Carole J. Ryczek
Acct No 16-80607
U.S. Trustee's Office
780 W. Regent, Suite 304
Madison, WI 53715

Chase
Acct No 4071662101126442
Po Box 15298
Wilmington, DE 19850

Chase Card
Acct No 4366111020479270
Attn: Correspondence Dept
Po Box 15298
Wilmington, DE 19850

Chase Card
Acct No 4366111020479270
Po Box 15298
Wilmington, DE 19850

Chase Card Services
Acct No 4366111020479270
Attn: Correspondence Dept
Po Box 15298
Wilmington, DE 19850

Chase Card Services
Acct No 4227652001038279
Correspondence Dept
Po Box 15278
Wilmington, DE 19850

Chase Card Services
Acct No 422765100709
Correspondence Dept
Po Box 15278
Wilmington, DE 19850

Chase Card Services
Acct No 152300351475
Correspondence Dept
Po Box 15278
Wilmington, DE 19850

Chase Card Services
Acct No 4366111020479270
Po Box 15298
Wilmington, DE 19850

Chase Card Services
Acct No 4227652001038279
Po Box 15298
Wilmington, DE 19850

Chase Card Services
Acct No 422765100709
Po Box 15298
Wilmington, DE 19850

Chase Card Services
Acct No 152300351475
Po Box 15298
Wilmington, DE 19850

Chex Systems, Inc.
Acct No =
7805 Hudson Road
Suite 100
Saint Paul, MN 55125

ChexSystems Collection Agency, Inc.
Acct No =
Dept. 9500
Los Angeles, CA 90084-9500

Citibank/Best Buy
Acct No =5424180726128942
Centralized Bankruptcy/CitiCorp Cre
Po Box 790040
St. Louis, MO 63179

Citibank/Best Buy
Acct No 5424180726128942
Po Box 6241
Sioux Falls, SD 57117

Citicards Cbna
Acct No 5424180726128942
Citicorp Credit Svc/Centralized Bankrupt
Po Box 790040
Saint Louis, MO 63179


Citicards Cbna
Acct No 5424180726128942
Po Box 6241
Sioux Falls, SD 57117


David P. Sedlock Trust No. 1
Acct No =
15517 Nelson Road
Woodstock, IL 60098


Equifax c/o CSC Credit Services
Acct No =
Attn:  Dispute Department
POB 981221
El Paso, TX 79998-1221


Experian c/o  Information Solutions
Acct No =
Attn:  Disputes Department
701 Experian Parkway; POB 2002
Allen, TX 75013


Federal Housing Finance Agency
Acct No 1006745548
Constitution Center
400 7th Street, SW
Washington, DC 20219


Federal Housing Finance Agency
Acct No 1006745548
c/o Quinn Emanuel Urquhart & Sulliv
51 Madison Avenue, 22nd Floor
New York, NY 10010-1601


Hsbc/menards
Acct No =6004300108403350
Attention: Bankruptcy Department
Po Box 5264
Carol Stream, IL 60197

Hsbc/menards
Acct No =6004300108403350
26525 N Riverwoods Blvd
Mettawa, IL 60045


Illinois Department of Revenue
Bankruptcy Section
POB 64338
Chicago, IL 60664-0338


Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346


Internal Revenue Service
Centralized Insolvency Operation
POB 7317
Philadelphia, PA 19101-7317


Janet M. Sedlcok
15517 Nelson Road
Woodstock, IL 60098


Judicial Sales Corporation
Acct No TJSC# 35-12274   11 CH 1597
One South Wacker Drive
24th Floor
Chicago, IL 60606-4654


Judicial Sales Corporation
Acct No 11-CH-1597 - TJSC#: 36-1758
2200 N. Seminary Avenue
Woodstock, IL 60098


Karen M. Sedlock
Acct No =
15517 Nelson Road
Woodstock, IL 60098


Marmont Farm, LLC
Acct No =
c/o Ronald E. Rasmussen, Reg Agent
2425 Royal Blvd
Elgin, IL 60123

National Bankruptcy Services, LLC
Acct No 1006745548
Loss Mitigation Department
14841 Dallas Parkway
Dallas, TX 75254


NLT Title, L.L.C.
Acct No 11 CH 1597
390 Congress Parkway
Suite D
Crystal Lake, IL 60014


Paul Loymeyer


Pierce & Associates
Acct No 10881 (Pierce Attorney File #)
Attention: Bankruptcy Department
1 N. Dearborn Street, Suite 1300
Chicago, IL 60602


Qck Ln Cbna
Acct No =6035542401232837
50 Northwest Point Road
Elk Grove Village, IL 60007


Real Time Resolutions
Acct No 872285821
Attn: Bankruptcy
Po Box 36655
Dallas, TX 75235


Real Time Resolutions
Acct No 872285821
4909 Savarese Circle
Tampa, FL 33634


Sears/cbna
Acct No 5049948138118791
Po Box 6282
Sioux Falls, SD 57117


Specialized Loan Servicing, LLC c/o
Acct No 1006745548
Buckley Madole PC / Andrew Kussmaul
POB 9013
Addison, TX 75001

Specialized Loan Servicing/SLS
Acct No 1006745548
Attn: Bankruptcy
POB 636007
Littleton, CO 80163


Synchrony Bank
Acct No =6019181917208773
Po Box 103104
Roswell, GA 30076


Synchrony Bank
Acct No 6019181917208773
Po Box 965060
Orlando, FL 32896


Synchrony Bank
Acct No =6019181917208773
950 Forrer Blvd
Kettering, OH 45420


Synchrony Bank
Acct No 6019181917208773
950 Forrer Blvd
Kettering, OH 45420


Synchrony Bank/Sams
Acct No =7714400372096586
Attn: Bankruptcy
Po Box 103104
Roswell, GA 30076


Synchrony Bank/Sams
Acct No =771439037209
Attn: Bankruptcy
Po Box 103104
Roswell, GA 30076


Synchrony Bank/Sams
Acct No =7714400372096586
Po Box 965005
Orlando, FL 32896


Synchrony Bank/Sams
Acct No =771439037209
Po Box 965005
Orlando, FL 32896

T. J. Hooker, Ltd.
POB 313
Woodstock, IL 60098


Terri M. Long, Esq.
Acct No 1006745548 &  11 CH 1597
2056 Ridge Road
Homewood, IL 60430


The Judicial Sales Corporation
Acct No TJSC 37-6065
One South Wacker Drive
24th Floor
Chicago, IL 60606-4650


Trans Union Corporation
Acct No =
Attn:  Dispute Department
2 Baldwin Place, POB 1000
Crum Lynne, PA 19022


Unvl/citi
Acct No =5491139305425291
Attn.: Centralized Bankruptcy
Po Box 20507
Kansas City, MO 64195


Unvl/citi
Acct No =5491139305425291
Po Box 6241
Sioux Falls, SD 57117


US Bank
Acct No 11 CH 1597- #1006745548
c/o Specialized Loan Servicing
8742 Lucent Boulevard
Littleton, CO 80129


US Bank National Association, Trust
Acct No 1006745548
c/o Specialized Loan Servicing, LLC
8742 Lucent Blvd., Suite 300
Highlands Ranch, CO 80129

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re  **David P. Sedlock** _____     Case No. _____

Debtor(s)                Chapter    **13** _____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| | | |
|---|---|---|
| **David P. Sedlock** _____ | X **/s/ David P. Sedlock** _____ | **August  2, 2017** |
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |
| | | |
| Case No. (if known) _____ | X _____ | |
| | Signature of Joint Debtor (if any) | Date |

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1.  Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor.  The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# STATEMENT OF INFORMATION REQUIRED BY 11 U.S.C. §341

## INTRODUCTION

Pursuant to the Bankruptcy Reform Act of 1994, the Office of the United States Trustee, United States Department of Justice, has prepared this information sheet to help you understand some of the possible consequences of filing a bankruptcy petition under chapter 7 of the Bankruptcy Code. This information is intended to make you aware of...

(1)      the potential consequences of seeking a discharge in bankruptcy, including the effects on credit history;
(2)      the effect of receiving a discharge of debts
(3)      the effect of reaffirming a debt; and
(4)      your ability to file a petition under a different chapter of the Bankruptcy Code.

There are many other provisions of the Bankruptcy Code that may affect your situation. This information sheet contains only general principles of law and is not a substitute for legal advice. If you have questions or need further information as to how the bankruptcy laws apply to your specific case, you should consult with your lawyer.

## WHAT IS A DISCHARGE?

The filing of a chapter 7 petition is designed to result in a discharge of most of the debts you listed on your bankruptcy schedules. A discharge is a court order that says you do not have to repay your debts, but there are a number of exceptions. Debts which may not be discharged in your chapter 7 case include, for example, most taxes, child support, alimony, and student loans; court-ordered fines and restitution; debts obtained through fraud or deception; and personal injury debts caused by driving while intoxicated or taking drugs. Your discharge may be denied entirely if you, for example, destroy or conceal property; destroy, conceal or falsify records; or make a false oath. Creditors cannot ask you to pay any debts which have been discharged. You can only receive a chapter 7 discharge once every eight (8) years.

## WHAT ARE THE POTENTIAL EFFECTS OF A DISCHARGE?

The fact that you filed bankruptcy can appear on your credit report for as long as 10 years. Thus, filing a bankruptcy petition may affect your ability to obtain credit in the future. Also, you may not be excused from repaying any debts that were not listed on your bankruptcy schedules or that you incurred after you filed for bankruptcy.

## WHAT ARE THE EFFECTS OF REAFFIRMING A DEBT?

After you file your petition, a creditor may ask you to reaffirm a certain debt or you may seek to do so on your own. Reaffirming a debt means that you sign and file with the court a legally enforceable document, which states that you promise to repay all or a portion of the debt that may otherwise have been discharged in your bankruptcy case. Reaffirmation agreements must generally be filed with the court within 60 days after the first meeting of the creditors.

Reaffirmation agreements are strictly voluntary — they are not required by the Bankruptcy Code or other state or federal law. You can voluntarily repay any debt instead of signing a reaffirmation agreement, but there may be valid reasons for wanting to reaffirm a particular debt.

Reaffirmation agreements must not impose an undue burden on you or your dependents and must be in your best interest. If you decide to sign a reaffirmation agreement, you may cancel it at any time before the court issues your discharge order or within sixty (60) days after the reaffirmation agreement was filed with the court, whichever is later. If you reaffirm a debt and fail to make the payments required in the reaffirmation agreement, the creditor can take action against you to recover any property that was given as security for the loan and you may remain personally liable for any remaining debt.

## OTHER BANKRUPTCY OPTIONS

You have a choice in deciding what chapter of the Bankruptcy Code will best suit your needs. Even if you have already filed for relief under chapter 7, you may be eligible to convert your case to a different chapter.

Chapter 7 is the liquidation chapter of the Bankruptcy Code. Under chapter 7, a trustee is appointed to collect and sell, if economically feasible, all property you own that is not exempt from these actions.

Chapter 11 is the reorganization chapter most commonly used by businesses, but it is also available to individuals. Creditors vote on whether to accept or reject a plan, which also must be approved by the court. While the debtor normally remains in control of the assets, the court can order the appointment of a trustee to take possession and control of the business.

Chapter 12 offers bankruptcy relief to those who qualify as family farmers. Family farmers must propose a plan to repay their creditors over a three-to-five year period and it must be approved by the court. Plan payments are made through a chapter 12 trustee, who also monitors the debtor's farming operations during the pendency of the plan.

Finally, chapter 13 generally permits individuals to keep their property by repaying creditors out of their future income. Each chapter 13 debtor writes a plan which must be approved by the bankruptcy court. The debtor must pay the chapter 13 trustee the amounts set forth in their plan. Debtors receive a discharge after they complete their chapter 13 repayment plan. Chapter 13 is only available to individuals with regular income whose debts do not exceed $1,347,500 ($336,900 in unsecured debts and $1,010,650 in secured debts).

## AGAIN, PLEASE SPEAK TO YOUR LAWYER IF YOU NEED FURTHER INFORMATION OR EXPLANATION, INCLUDING HOW THE BANKRUPTCY LAWS RELATE TO YOUR SPECIFIC CASE.

| /s/ David P. Sedlock | August  2, 2017 |
|---|---|
| Debtor's Signature | Date |

**11 U.S.C. § 527(a)(2) Disclosure**

In accordance with section 527(a)(2) of the Bankruptcy Code, be advised that:

1.  All information that you are required to provide with a bankruptcy petition and during a bankruptcy case must be complete, accurate, and truthful.

2.  All assets and liabilities must be completely and accurately disclosed, with the replacement value of each asset as defined in section 506 listed after reasonable inquiry to establish such value.

3.  Current monthly income, the amounts specified in the "means test" under section 707(b)(2), and disposable income in chapter 13 cases must be stated after reasonable inquiry.

4.  Information that you provide during your bankruptcy case may be audited, and the failure to provide such information may result in dismissal of the case or other sanction, including a criminal sanction.

## IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER.

If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney.  THE LAW REQUIRES AN ATTORNEY OR BANKRUPTCY PETITION PREPARER TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY OR BANKRUPTCY PETITION PREPARER WILL DO FOR YOU AND HOW MUCH IT WILL COST.  Ask to see the contract before you hire anyone.

The following information helps you understand what must be done in a routine bankruptcy case to help you evaluate how much service you need.  Although bankruptcy can be complex, many cases are routine.

Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most likely to be beneficial for you.  Be sure you understand the relief you can obtain and its limitations.  To file a bankruptcy case, documents called a Petition, Schedules, and Statement of Financial Affairs, and in some cases a Statement of Intention, need to be prepared correctly and filed with the bankruptcy court.  You will have to pay a filing fee to the bankruptcy court.  Once your case starts, you will have to attend the required first meeting of the creditors where you may be questioned by a court official called a 'trustee' and by creditors.

If you choose to file a chapter 7 case, you may be asked by a creditor to reaffirm a debt.  You may want help deciding whether to do so.  A creditor is not permitted to coerce you into reaffirming your debts.

If you  choose to file a chapter 13 case in which you repay your creditors what you can afford over 3 to 5 years, you may also want help with preparing your chapter 13 plan and with the confirmation hearing on your plan which will be before a bankruptcy judge.

If you select another type of relief under the Bankruptcy Code other than chapter 7 or chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

Your bankruptcy case may also involve litigation.  You are generally permitted to represent yourself in litigation in bankruptcy court, but only attorneys, not bankruptcy petition preparers, can give you legal advice.

B2000 (Form 2000) (04/16)

# UNITED STATES BANKRUPTCY COURT
# REQUIRED LISTS, SCHEDULES, STATEMENTS AND FEES
### Chapter 13 Case

☐ **Filing fee of $235.** If the fee is to be paid in installments, the debtor must file a signed application for court approval. Official Form 103A and Fed.R.Bankr.P. 1006(b).

☐ **Administrative fee of $75.** If the court grants the debtor's request, this fee is payable in installments.

☐ **Voluntary Petition for Individuals Filing for Bankruptcy** (Official Form 101). **Names and addresses of all creditors** of the debtor. Must be filed WITH the petition. Fed.R.Bankr.P. 1007(a)(1).

☐ **Notice to Individual Debtor with Primarily Consumer Debts** under 11 U.S.C. § 342(b) (Director's Form 2010), if applicable. Required if the debtor is an individual with primarily consumer debts. The notice must be GIVEN to the debtor before the petition is filed. Certification that the notice has been given must be FILED with the petition or within 15 days. 11 U.S.C. §§ 342(b), 521(a)(1)(B)(iii), 1307(c)(9). Official Form 101 contains spaces for the certification.

☐ **Bankruptcy Petition Preparer's Notice, Declaration, and Signature** (Official Form 119). Required if a "bankruptcy petition preparer" prepares the petition. Must be submitted WITH the petition. 11 U.S.C. § 110(b)(2).

☐ **Statement of Social Security Number** (Official Form 121). Must be submitted WITH the petition. Fed.R.Bankr.P. 1007(f).

☐ **Credit Counseling Requirement** (Official Form 101); **Certificate of Credit Counseling and Debt Repayment Plan,** if applicable; **Section 109(h)(3) certification or § 109(h)(4) request,** if applicable. If applicable, the Certificate of Credit Counseling and Debt Repayment Plan must be filed with the petition or within 14 days. If applicable, the § 109(h)(3) certification or the § 109(h)(4) request must be filed WITH the petition. Fed.R.Bankr.P. 1007(b)(3), (c).

☐ **Statement disclosing compensation paid or to be paid to a "bankruptcy petition preparer"** (Director's Form 2800). Required if a "bankruptcy petition preparer" prepares the petition. Must be submitted WITH the petition. 11 U.S.C. §110(h)(2).

☐ **Statement of Your Current Monthly Income, etc.** (Official Form 122C). Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007.

☐ **Schedules of Assets and Liabilities** (Official Form 106). Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

☐ **Schedule of Executory Contracts and Unexpired Leases** (Schedule G of Official Form 106). Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

☐ **Schedules of Current Income and Expenditures.** (Schedules I and J of Official Form 106). Must be filed with the petition or within 14 days. 11 U.S.C. § 521(1) and Fed.R.Bankr.P. 1007(b), (c).

☐ **Statement of Financial Affairs** (Official Form 107). Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

☐ **Copies of all payment advices or other evidence of payment** received by the debtor from any employer within 60 days before the filing of the petition. Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

☐ **Chapter 13 Plan.** Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 3015.

☐ **Statement disclosing compensation paid or to be paid to the attorney** for the debtor (Director's Form 2030), if applicable. Must be filed within 14 days or any other date set by the court. 11 U.S.C. § 329 and Fed.R.Bankr.P. 2016(b).

☐ **Certificate About a Financial Management Course** (Official Form 423), if applicable. Must be filed no later than the date of the last payment made under the plan or the date of the filing of a motion for a discharge under § 1328(b), unless the course provider has notified the court that the debtor has completed the course. 11 U.S.C. § 1328(g)(1) and Fed.R.Bankr.P. 1007(b)(7), (c).

☐ **Statement concerning pending proceedings of the kind described in § 522(q)(1),** if applicable. Required if the debtor has claimed exemptions under state or local law as described in §522(b)(3) in excess of $160,375[*]. Must be filed no later than the date of the last payment made under the plan or the date of the filing of a motion for a discharge under § 1328(b). 11 U.S.C. § 1328(h) and Fed.R.Bankr.P. 1007(b)(8), (c).

---

[*] Amount subject to adjustment on 4/1/19 and every three years thereafter with respect to cases commenced on or after the date of adjustment.